UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| NICOLE COLTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )  Case No. 4:19-cv-653-CLM |
| FEHRER Automotive, North America, LLC, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION

Plaintiff Nicole Colton ("Plaintiff" or "Colton") is 4'6" tall. Colton alleges that defendant FEHRER Automotive, North America, LLC ("Defendant" or "FEHRER") violated the Americans with Disabilities Act of 1990 ("ADA") by failing to make reasonable accommodations for her short stature and retaliating against her for requesting such accommodations. Doc. 1, 4-5. FEHRER has moved to dismiss Colton's complaint because it fails to plead a claim that would entitle Colton to relief. Doc. 18. FEHRER's motion is due to be granted for the reasons detailed within.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the

1

"[f]actual allegations [in the complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. 544, 556).

## STATEMENT OF THE FACTS[1]

FEHRER manufactures interior parts for automobiles. A temporary work agency assigned Colton to work at FEHRER's plant in Gadsden. When Colton arrived for work, FEHRER placed her on assembly—the only position available. Colton's short stature limits her reach, which immediately caused problems with Colton's ability to perform the job she was assigned.

So Colton asked her training coordinator to either accommodate her short stature or move her to a different position within the plant. When her training coordinator refused, Colton made the same request to FEHRER's on-site Human Resources representative. He also refused.[2]

---

[1] For FEHRER's Rule 12 motion, the Court considers the facts alleged in Colton's complaint (doc. 1) and documents attached to, referenced in, or quoted from in her complaint (docs. 1-1, 21-1, EEOC letter and file).

[2] Colton alleges in her complaint that FEHRER employees were unwilling to discuss or provide reasonable accommodations to assist her work on the assembly line (doc. 1-1 at ¶¶13, 16), but her

FEHRER instead determined that Colton was "not a good fit" and terminated her employment. FEHRER also noted in Colton's personnel file that she would not be rehired.

Colton timely filed a charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and received a right-to-sue letter. This complaint followed.

## DISCUSSION

Colton pleads two counts in her complaint: (1) discrimination in violation of 42 U.S.C. § 12112(a) and (2) retaliation in violation of 42 U.S.C. §12203(a). Doc. 1. The Court addresses each in turn.

**I.    Discrimination**

The ADA prohibits employers from discriminating "against a qualified individual on the basis of disability[.]" 42 U.S.C. § 12112(a). Colton alleges that her "short stature" constitutes a disability (Doc. 1 at 2) and that FEHRER discriminated against her because of her short stature. So, as a threshold matter, the Court must determine whether Colton's height (4'6") constitutes a "disability" under the ADA. If it does not, Colton fails to state a claim that entitles her to relief.

---

EEOC File suggests that FEHRER offered to provide Colton with an accommodation but Colton only wanted to move to a different position—and none were available (doc. 21-1). For the purpose of the Rule 12 motion only, the Court will assume that, as pleaded, FEHRER did not offer an accommodation, despite the document Colton provides that seems to suggest otherwise.

3

**A. Actually Disabled**

The ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment…." 42 U.S.C. § 12102. Congress did not define the term "physical or mental impairment" in the ADA, but the EEOC defines a physical impairment as a "physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more body systems such as neurological, musculoskeletal, special sense organs, respiratory (including speech organs), cardiovascular, reproductive, digestive, genitourinary, immune, circulatory, hemic, lymphatic, skin, and endocrine," 29 C.F.R. § 1630.2(h)(1), and the EEOC's interpretation is entitled to judicial deference under *Chevron, U.S.A., Inc. v. Natural Res. Defense Council, Inc.*, 467 U.S. 837 (1984). As a result, for Colton's height to be a "disability" within the meaning of the ADA, her height must be a "physiological disorder or condition … affecting one or more body systems."

Read plainly, the EEOC definition of "physical impairment" requires (a) some type of disorder or pathology of the body that (b) affects one or more body systems. Colton's height fails to satisfy this definition because Colton has not alleged that her height is due to any disorder or pathology.

Colton's height is properly viewed as a physical *characteristic*, not a physiological condition or disorder. And the Court refuses to read the ADA to elevate a physical characteristic—even if it is outside the normal or average range of individual variation—to the status of a "disability," unless the atypical characteristic results from a physiological disorder.

This Court refuses to elevate height from a characteristic to an impairment, in part, because the Supreme Court similarly refused to do so in *Sutton v. United Air Lines, Inc.*: "An employer is free to decide that physical characteristics or medical conditions that do not rise to the level of an impairment—such as one's *height*, build, or singing voice—are preferable to others[.]" 527 U.S. 471, 490-91 (1999) (emphasis added).

It is true, as Colton points out, that Congress amended the ADA in 2008 to overrule certain aspects of the *Sutton* decision. *See* Pub. L. 110-325. But the amendments broadened the scope of the phrase "that substantially limits one or more major life activities…." *See id.* §2(b), §4; they did not alter the phrase "physical or mental impairment." In other words, Congress made it easier to prove that a person who suffers from a "physical or mental impairment" is "substantially limited" by that impairment, but that person still has to suffer from a "physical or mental impairment" in order to be "disabled" within the meaning of the act.

5

Applying the "prior-construction canon," Congress' retention of the phrase "physical or mental impairment" post-*Sutton* requires this Court to construe the phrase in the same manner that the Supreme Court construed it in *Sutton*. *See* Antonin Scalia & Bryan A. Garner, *Reading Law: the Interpretation of Legal Texts* at 322-26 (defining the "prior-construction canon" to mean that "if a statute uses words or phrases that have already received authoritative construction by the jurisdiction's court of last resort … they are to be understood according to that construction"). If the Supreme Court said that "height" is a physical characteristic, not an impairment, then so will this Court. *See Sutton,* 527 U.S. at 490.

Because Colton failed to plead facts that would establish that her short stature is a "physical or mental impairment," as that phrase is defined by the EEOC, the Court finds that Colton has failed to plead that she suffers from a "disability" under the ADA.

**B. Regarded as Disabled**

Colton also contends that, whether or not she was actually disabled, FEHRER regarded Colton as having a "disability" (doc. 21 at 10-12), and that is enough to establish an entitlement to protection under the ADA. *See* 42 U.S.C. § 12102(1)(C) (defining "disability" to include an individual "being regarded as having such an impairment [*i.e.* a 'physical or mental impairment that substantially limits one of more major life activities']").  This argument fails.

FEHRER employees were no doubt aware of Colton's height and the challenges that Colton's height caused her when performing tasks on the assembly line. But, again, height itself is not a disability under the ADA; Colton would need to prove that FEHRER perceived that Colton's height resulted from a physiological disorder or condition, thereby rendering her disabled under the ADA. *See Carruthers v. BSA Advertising, Inc.*, 357 F.3d 1213, 1216 (11th Cir. 2004) ("Under the 'regarded as' prong, a person is 'disabled' if her employer perceives her as having an *ADA-qualifying disability*….") (citation omitted) (emphasis added).

Colton pleads no facts in her complaint that would prove that FEHRER believed her short stature resulted from a "physiological disorder or condition … affecting one or more body systems," 29 C.F.R. § 1630.2(h)(1), rather than a simple physical characteristic. In fact, the emails that Colton offers from her EEOC file make it clear that FEHRER considered Colton's short stature to be a "safety" and "ergonomic" issue, not an issue of actionable disability. *See* Doc. 21-1 at 1 ("So we have hired a worker that is very short and she is complaining about not being able to reach things and it will definitely be an ergonomic issue if we do not find a solution"); doc. 21-1 at 3 ("She also was informed that we were in the process of making her job more accommodating per safety protocol.  She did not seem to like that, but we let her know that this has nothing to do with her, it is a safety standard that has to be met by the company.").

7

Because Colton fails to plead facts that would prove FEHRER perceived her height as a disability under the ADA, Colton cannot rely on the "regarded as" clause to state a claim of discrimination. 42 U.S.C. § 12102(1)(C).

\* \* \*

Because Colton fails to plead facts that would establish that she suffered from a "disability" under the ADA, Count 1 is due to be dismissed for failure to state a claim, and the Court needn't address FEHRER's remaining arguments against that count.

## II.   Retaliation

In Count II, Colton claims that FEHRER violated the ADA by retaliating against her for "reporting and opposing discrimination." Doc. 1, ¶26. Specifically, Colton alleges that she "complained to HR" after her training coordinator refused to give her an accommodation or move her to a different position (doc. 1, ¶16, ¶27) and that FEHRER retaliated by terminating her and banning her from consideration for future openings at the Gadsden facility. Doc. 1, ¶27.

The ADA makes it unlawful to "discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a). This provision, like its almost identical counterpart in Title VII, contains

8

two protective harbors: the "opposition" clause and the "participation" clause. Colton does not plead in her complaint which clause her claim falls under, so the Court addresses both.

    1. <u>Participation Clause</u>: The participation clause prohibits an employer from discriminating against an individual "because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a). The plain language of this clause limits it to actions pursued by the employee "under this chapter;" that is, actions within the formal EEOC process. Complaints made internally—*e.g.*, complaints to the HR department—are not entitled to protection under the clause. *See E.E.O.C. v. Total Sys. Services, Inc.*, 221 F.3d 1171, 1174 (11th Cir. 2000). As a result, Colton's alleged complaint to FEHRER's HR department and her requests for accommodation are not activities protected under the clause. Therefore, Colton has failed to plead a claim under the retaliation clause that could entitle her to relief.[3]

    2. <u>Opposition Clause</u>: The opposition clause prohibits employers from retaliating against an employee who "has opposed any act or practice made unlawful by this chapter[.]" 42 U.S.C. § 12203(a). As detailed in Part I, Colton fails to plead facts that would establish that FEHRER committed an unlawful act or practice, so

---

[3]Colton does not allege that her EEOC charge (doc. 1-1) supports a retaliation claim. Nor could she, as she did not file the charge until after FEHRER terminated her employment and flagged in her file that she would not be eligible for re-hire.

Colton necessarily fails to plead that FEHRER retaliated against her because she "opposed any act or practice made unlawful by this chapter[.]" *Id.*

Furthermore, for an employee's activity to enjoy protection under the "opposition" clause, her opposition must be "reasonable"—*i.e.*, the employee must reasonably believe that the act or practice she is opposing violates the ADA. This requirement of reasonableness includes both a subjective and an objective component. The subjective component requires that the employee be acting in good faith. The objective component requires that her belief be objectively reasonable given existing law. *See Standard v. A.B.E.L. Services, Inc.*, 161 F.3d 1318, 1328 (11th Cir. 1998). While Colton may have believed in good faith that her height was a "disability" under the ADA, any such belief was not objectively reasonable given existing law. The Supreme Court's opinion in *Sutton* and the EEOC's interpretive guidance make it clear enough that merely being of short stature is not a disability under the ADA. Any contrary belief would not be objectively reasonable.

As a result, Colton has failed to plead a claim under the retaliation clause that could entitle her to relief. Because Colton fails to plead a viable claim under the participation clause or the retaliation clause, Count II is due to be dismissed for failure to state a claim that could entitle her to relief.

## CONCLUSION

Colton has failed to state a claim of discrimination or retaliation that would entitle her to relief. As a result, FEHRER's motion to dismiss Colton's complaint (doc. 18) is due to be granted.

The Court will enter a separate order consistent with this opinion.

**DONE** on May 5, 2020.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE